IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DELAMAR WILLIAMS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 22-cv-06602 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| A. MARTINEZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Defendants' motion to dismiss for failure to state a claim [11] is granted. Counts I–IV and VI of the complaint are dismissed without prejudice, and Counts V and VII–X are dismissed with prejudice. The Court grants Plaintiff Williams leave to file an amended complaint, if he believes he can remedy the deficiencies with respect to his claims under 42 U.S.C. § 1983. Plaintiff shall file any amended complaint by 10/20/2023. If an amended complaint is not filed by 10/20/2023, Counts V and VII–X will be dismissed with prejudice as well, and final judgment will be entered. Telephonic status hearing set for 10/4/2023 is stricken and reset for 10/30/2023 at 9:00 AM. See the accompanying Statement for details.

**STATEMENT**

Plaintiffs Delamar Williams and Willie Ellzey were in the backyard of Williams's residence when they were confronted by several Chicago Police Department officers investigating a report of shots fired in the area. The officers quickly handcuffed both Plaintiffs and conducted a search of parts of Williams's property. After the officers discovered firearms and marijuana inside of a pickup truck parked at the residence, they arrested Williams. Because Plaintiffs claim that the officers unlawfully seized them, they brought the present lawsuit asserting claims under 42 U.S.C. § 1983 and Illinois state law. Now, Defendants move to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 11.) For the reasons that follow, Defendants' motion is granted.

**I.**

For the purposes of the motion to dismiss, the Court accepts all well-pleaded facts in the complaint as true[1] and views those facts in the light most favorable to Plaintiffs as the non-

---

[1] In their briefs, the parties debate whether this Court can take into account facts supposedly established by several Defendants' body-worn camera footage. Defendants assert that the complaint incorporates the video evidence by reference; Plaintiffs disagree. Because the Court can resolve Defendants' motion without considering the body-worn camera footage, the Court disregards the video evidence at this stage.

moving parties. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The complaint alleges as follows.

In the early afternoon of September 23, 2020, the Chicago Police Department received a ShotSpotter[2] alert for the area near Williams's residence in Chicago. (Compl. ¶¶ 15–17, Dkt. No. 1.) At the time, Williams was outside in the fenced-in backyard of his home along with Ellzey. (*Id.* ¶ 16.) Several Chicago Police Department officers, including Defendants Kevin Drumgoole and Eric Wright,[3] began investigating the report of shots fired. (*Id.* ¶¶ 18, 21–22.)

Ultimately, the officers' investigation brought them to Williams's home. Drumgoole entered the front yard of the residence and approached Williams, who was standing behind a gate. (*Id.* ¶ 21.) Drumgoole then climbed over the gate. (*Id.* ¶ 25.) Meanwhile, Wright entered the backyard and approached Williams from behind. (*Id.* ¶ 22.) The officers had neither a warrant nor consent to enter onto Williams's property. (*Id.* ¶¶ 4, 24.) The officers quickly handcuffed both Williams and Ellzey. (*Id.* ¶¶ 26–28.)

After handcuffing Plaintiffs, Drumgoole, Wright, and several other officers who had joined them began searching the area. (*Id.* ¶ 29.) Eventually, Drumgoole and another officer entered a carport with a white pickup truck inside. (*Id.* ¶¶ 30–31.) Their initial search of the pickup truck uncovered a wallet containing Williams's identification and a bag of marijuana. (*Id.* ¶ 31.) Shortly thereafter, Wright joined the search of the pickup truck and found handguns in the center console. (*Id.* ¶ 32.) At no point did any officer obtain Williams's consent to search the white pickup truck. (*Id.* ¶ 34.)

As a result of the officers' search of the white pickup truck, Williams was placed under arrest and charged with unlawful use or possession of a weapon by a felon and possession of cannabis. (Compl. ¶¶ 1, 37; Defs.' Mot. to Dismiss, Ex. D, Criminal Complaints,[4] Dkt. No. 11-4.) Williams was detained on those charges for about six months before being released on home confinement, subject to electronic monitoring. (Compl. ¶¶ 6, 37.) After the prosecutor supposedly recognized that Defendants acted unlawfully in arresting Williams and initiating his prosecution, the charges against Williams were dismissed on August 6, 2021, by an order of *nolle prosequi*. (*Id.* ¶¶ 6, 38.)

Plaintiffs allege that Defendants' conduct violated their constitutional rights and therefore brought the present action on November 27, 2022. Their ten-count complaint asserts claims under

---

[2] ShotSpotter is a gunshot detection technology.

[3] While the complaint names ten Chicago Police Department officers as Defendants, the complaint's substantive allegations focus on the actions of Drumgoole and Wright. The complaint identifies those Defendants only as K. Drumgoole and E. Wright, but the Court discerns the officers' first names from Defendants' motion to dismiss.

[4] The Court takes judicial notice of the Williams's charging documents in Illinois state court. *E.g.*, *Luster v. Turner*, No. 09 C 3755, 2011 WL 1002975, at *2 (N.D. Ill. Mar. 17, 2011) ("The Court may take judicial notice of public records, such as criminal complaints, in deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6).").

42 U.S.C. § 1983 based on Defendants' alleged violations of their rights under the Fourth and Fourteenth Amendments to the U.S. Constitution (Counts I–III), as well as associated federal conspiracy and failure-to-intervene claims (Counts IV and VI). In addition, the complaint sets forth various Illinois state-law claims (Counts V, VII–X).

## II.

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not necessarily require a complaint to contain detailed factual allegations. *Twombly*, 550 U.S. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

After Defendants filed their motion to dismiss, Plaintiffs responded by abandoning all their state-law claims, agreeing that Ellzey had no viable claims, and apparently changing their theory as to the remaining § 1983 claims. Although Williams intends to file an amended complaint reflecting those changes, he nonetheless asks that this Court resolve the present motion to dismiss with respect to the § 1983 claims, since it raises arguments that Defendants are likely to reassert against the anticipated amended complaint. The Court will do so.

Before proceeding, the Court first clarifies the procedural posture and the issues presently remaining before it. First, in their motion to dismiss, Defendants claim that all the state-law claims are time-barred under the applicable statute of limitations and Plaintiffs concede that to be the case. For that reason, the state-law claims in Counts V and VII through X are dismissed with prejudice. Second, Defendants have moved to dismiss the § 1983 claims as untimely insofar as they allege an illegal search and seizure occurring on September 23, 2020. Such claims would be barred by the applicable two-year statute of limitations[5] because Plaintiffs' complaint was not filed until November 27, 2022. Notwithstanding that Count I is based on searches and seizures occurring on September 23, 2020 and titled "Unlawful Search and Seizure" (Compl. ¶¶ 41–44), Plaintiffs' response does not attempt to save any § 1983 claims accruing on that date or otherwise raise a tolling argument. Rather, the Court understands Plaintiffs' response as clarifying that Counts I through III are actually elements of a single § 1983 claim alleging that Williams was detained and prosecuted based on evidence fabricated by Defendants. Such a claim faces no time bar because it accrued only when the criminal proceeding terminated in Williams's favor on August 6, 2021. *See McDonough v. Smith*, 139 S. Ct. 2149, 2154–55 (2019) ("The statute of limitations for a fabricated-evidence claim . . . does not begin to run until the criminal proceedings

---

[5] The statute of limitations for a § 1983 claim is "governed by the personal injury laws of the state" in which the injury occurred—in Illinois, that is two years. *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004) (citing 735 ILCS 5/13-202).

against the defendant (*i.e.*, the § 1983 plaintiff) have terminated in his favor."). Thus, with Williams's reframing in mind, the Court turns to address the merits of the § 1983 claim.

### III.

According to Williams, Defendants submitted false police reports accusing him of criminal activity in order to detain and prosecute him. (Compl. ¶¶ 2, 45, 53.) He contends that such conduct violated his rights under the Fourteenth Amendment's due process clause. However, Defendants argue that Williams has no due process claim because the charges against him were ultimately dismissed.

Defendants are correct that Williams cannot plead a due process claim because the criminal prosecution terminated in his favor. As the Seventh Circuit has explained, "[n]ot every act of evidence fabrication offends one's due process rights." *Saunders-El v. Rohde*, 778 F.3d 556, 560 (7th Cir. 2015). Rather, "[t]he essence of a due-process evidence-fabrication claim is that the accused was convicted and imprisoned based on knowingly falsified evidence, violating his right to a fair trial and thus depriving him of liberty without due process." *Patrick v. City of Chicago*, 974 F.3d 824, 834 (7th Cir. 2020). By contrast, "the Fourth Amendment, not the Due Process Clause, is the source of the right in a § 1983 claim for unlawful pretrial detention, whether before or after the initiation of formal legal process." *Lewis v. City of Chicago*, 914 F.3d 472, 479 (7th Cir. 2019).

To demonstrate the viability of his due-process evidence-fabrication claim, Williams points to the Supreme Court's decision in *McDonough*, 139 S. Ct. 2149, which was issued months after *Lewis*. Although that case concerned the accrual date of an evidence-fabrication claim, the claim before the Supreme Court was brought under the Fourteenth Amendment notwithstanding the § 1983 plaintiff's acquittal in the relevant criminal proceeding. *McDonough*, 139 S. Ct. at 2154. But *McDonough* did not purport to address the propriety of asserting an evidence-fabrication claim under the due process clause. Indeed, the Supreme Court explained that it "assume[d] without deciding that the Second Circuit's articulations of the right at issue and its contours are sound, having not granted certiorari to resolve those separate questions." *Id.* at 2155. More importantly for present purposes, even after *McDonough*, the Seventh Circuit continues to maintain that the Fourth Amendment governs a claim for wrongful detention based on fabricated evidence. *Young v. City of Chicago*, 987 F.3d 641, 645–46 (7th Cir. 2021). Given that precedent, Williams has no claim under the Fourteenth Amendment.

Yet dismissal does not automatically follow from Williams's misapprehension as to the constitutional amendment giving rise to his § 1983 claim. *See Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992) ("[T]he complaint need not identify a legal theory, and specifying an incorrect theory is not fatal."). And, as apparent from the above discussion, a plaintiff may plead a violation of his Fourth Amendment rights where he alleges that he has been wrongfully detained pretrial based on fabricated evidence, even if the prosecution does not result in his conviction. To state such a Fourth Amendment claim, a plaintiff must plead that "the defendants (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Walker v. City of*

*Chicago*, No. 20 C 7209, 2022 WL 375515, at *4 (N.D. Ill. Feb. 8, 2022) (internal quotation marks omitted).

At the heart of a wrongful pretrial detention claim is "the fundamental Fourth Amendment principle that a pretrial detention is a 'seizure'—both **before** formal legal process and **after**—and is justified only on probable cause." *Lewis*, 914 F.3d at 476–77. Thus, here, Williams must plead facts demonstrating that the fabricated evidence was used to establish probable cause for his pretrial detention. *Walker*, 2022 WL 375515, at *4; *see also Moore v. City of Chicago*, No. 19 CV 3902, 2020 WL 3077565, at *3 (N.D. Ill. June 10, 2020) ("There is no probable cause—and detention is unlawful—when 'a judge's probable-cause determination is predicated solely on a police officer's false statements' or 'fabrications.'" (quoting *Manuel v. City of Joliet*, 580 U.S. 357, 367–68 (2017))). "Probable cause is a common-sense inquiry requiring only a probability of criminal activity; it exists whenever an officer or a court has enough information to warrant a prudent person to believe criminal conduct has occurred." *Young*, 987 F.3d at 644 (internal quotation marks omitted). Moreover, in this context, probable cause is evaluated at the time of the filing of the charges on which Williams was held. *See Manuel*, 580 U.S. at 368. "[T]he existence of probable cause is an absolute defense to § 1983 claims alleging unreasonable seizures." *Mayo v. LaSalle County*, No. 18 CV 01342, 2019 WL 3202809, at *6 (N.D. Ill. July 15, 2019).

At the time Williams was charged, police officers had recovered approximately 146.5 grams of marijuana from the white pickup truck parked in his garage. While possession of personal quantities of recreational marijuana was legal in Illinois at the time, possession of the substantial quantity found in the white pickup truck remained unlawful. 410 ILCS 705/10-10(a)(1) (setting limit of 30 grams for possession of "cannabis flower"). Further, the police officers recovered firearms from the pickup truck and then subsequently learned that Williams had previously been convicted of a felony. Thus, that evidence provided probable cause to detain Williams on unlawful possession of marijuana and felon-in-possession charges. Whether the police officers acted unconstitutionally in acquiring that evidence does not factor into the probable cause analysis here because "there is no 'fruit of the poisonous tree' doctrine in claims brought pursuant to § 1983." *Mayo*, 2019 WL 3202809, at *7. Williams is vague as to the precise nature of the allegedly false statements in the police reports, but his complaint acknowledges that the police officers recovered firearms and marijuana from the pickup truck. (Compl. ¶¶ 31–32.) And because the discovery of those items supplied sufficient probable cause to detain Williams, his Fourth Amendment wrongful detention claim fails. Moreover, the complaint's failure to state an underlying constitutional claim means that the associated § 1983 failure-to-intervene and conspiracy claims fail as well. *Rivera v. Guevara*, 319 F. Supp. 3d 1004, 1049 (N.D. Ill. 2018)

("[C]onspiracy claims and claims for failure to intervene . . . rise and fall with the underlying constitutional violations.").

## IV.

For the foregoing reasons, the Court grants Defendants' motion to dismiss. The Court will nonetheless allow Williams leave to amend his complaint if he believes he can state a viable claim in light of the Court's ruling. However, his state-law claims in Counts V and VII through X are dismissed with prejudice based on the statute of limitations.

Dated: September 20, 2023

_____
Andrea R. Wood
United States District Judge