IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DELAMAR WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 22-cv-06602 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| A. MARTINEZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Defendants' motion to dismiss the amended complaint [29] is granted. The amended complaint is dismissed with prejudice. All pending hearing dates are stricken. The Clerk is directed to enter Judgment in favor of Defendants and close the case. See the accompanying Statement for details.

**STATEMENT**

Plaintiff Delamar Williams was in the backyard of his residence when he was confronted by several Chicago Police Department officers investigating a report of shots fired in the area. According to Williams, that encounter culminated in his wrongful pretrial detention. Specifically, he alleges that the officers created a false police report to manufacture probable cause for his arrest and pretrial detention. After spending about six months in jail, all charges against Williams were dropped. Williams contends that he was wrongfully detained based on fabricated evidence, and therefore his amended complaint asserts a single claim pursuant to 42 U.S.C. § 1983 alleging that Defendant officers violated his rights under the Fourth Amendment. Now, Defendants move to dismiss Williams's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 29.) For the reasons that follow, Defendants' motion is granted.

**I.**

For the purposes of the motion to dismiss, the Court accepts all well-pleaded facts in the amended complaint as true and views those facts in the light most favorable to Williams as the non-moving party. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The amended complaint alleges as follows.

In the early afternoon of September 23, 2020, the Chicago Police Department received a ShotSpotter[1] alert for the area near Williams's residence in Chicago. (Am. Compl. ¶¶ 12–14, Dkt. No. 25.) At the time, Williams was outside in the fenced-in yard of his home. (*Id.* ¶ 13.) Several

---

[1] ShotSpotter is a gunshot detection technology.

Chicago Police Department officers, including Defendants Kevin Drumgoole and Eric Wright,[2] began investigating the report of shots fired. (*Id.* ¶¶ 15, 17–19.)

Ultimately, the officers' investigation led them to Williams's home. Drumgoole entered the front yard of the residence and approached Williams, who was standing behind the fence. (*Id.* ¶ 17.) As Drumgoole approached, Williams lifted his shirt so the officer could see that he was unarmed. (*Id.* ¶ 18.) Meanwhile, Wright entered the backyard and approached Williams from behind. (*Id.* ¶ 19.) Shortly thereafter, Drumgoole and Wright were joined by the remaining Defendant officers, who entered into Williams's backyard. (*Id.* ¶ 22.) The officers had neither a warrant nor consent to enter onto Williams's property. (*Id.* ¶¶ 3, 20.)

Despite lacking probable cause to believe that Williams had committed any crime, the officers quickly moved to arrest him. (*Id.* ¶¶ 23–24.) Nonetheless, to support their probable cause to arrest Williams, Defendants created a police report that falsely claimed that the officers had observed Williams in a carport next to a vehicle found to contain contraband. (*Id.* ¶ 25.) Williams was then detained and spent six months in the Cook County Jail before being released on home confinement, subject to electronic monitoring. (*Id.* ¶ 26.) The charges against him eventually were dismissed on August 6, 2021, by an order of *nolle prosequi*, allegedly because the prosecutor recognized that the police had acted unlawfully in arresting him. (*Id.* ¶ 27.)

Williams's initial ten-Count complaint asserted claims under both 42 U.S.C. § 1983 and state law. After Defendants moved to dismiss that complaint, however, Williams clarified that the only substantive claim he intended to pursue was a § 1983 claim related to his detention based on a purportedly fabricated police report. This Court construed Williams as alleging a Fourth Amendment wrongful pretrial detention claim. It then dismissed that claim but granted Williams leave to amend his complaint. Subsequently, Williams filed the operative amended complaint, which asserts a single § 1983 claim for wrongful pretrial detention. Defendants now seek dismissal of the amended complaint.

## II.

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not necessarily require a complaint to contain detailed factual allegations. *Twombly*, 550 U.S. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

---

[2] While the amended complaint names ten Chicago Police Department officers as Defendants, its substantive allegations focus on the actions of Drumgoole and Wright. The amended complaint identifies those Defendants only as K. Drumgoole and E. Wright, but the Court discerns the officers' first names from Defendants' motion to dismiss.

With his amended complaint, Williams attempts to remedy the deficiencies the Court identified with respect to his claim that he was wrongfully detained based on Defendants' fabricated police report. At the heart of a wrongful pretrial detention claim is "the fundamental Fourth Amendment principle that a pretrial detention is a 'seizure'—both **before** formal legal process and **after**—and is justified only on probable cause." *Lewis v. City of Chicago*, 914 F.3d 472, 476–77 (7th Cir. 2019). Thus, here, Williams must plead facts demonstrating that the fabricated evidence was used to establish probable cause for his pretrial detention. *Walker v. City of Chicago*, No. 20 C 7209, 2022 WL 375515, at *4 (N.D. Ill. Feb. 8, 2022); *see also Moore v. City of Chicago*, No. 19 CV 3902, 2020 WL 3077565, at *3 (N.D. Ill. June 10, 2020) ("There is no probable cause—and detention is unlawful—when 'a judge's probable-cause determination is predicated solely on a police officer's false statements' or 'fabrications.'" (quoting *Manuel v. City of Joliet*, 580 U.S. 357, 367–68 (2017))). "Probable cause is a common-sense inquiry requiring only a probability of criminal activity; it exists whenever an officer or a court has enough information to warrant a prudent person to believe criminal conduct has occurred." *Young v. City of Chicago*, 987 F.3d 641, 644 (7th Cir. 2021) (internal quotation marks omitted). Moreover, in this context, probable cause is evaluated at the time of the filing of the charges on which Williams was held. *See Manuel*, 580 U.S. at 368. "[T]he existence of probable cause is an absolute defense to § 1983 claims alleging unreasonable seizures." *Mayo v. LaSalle County*, No. 18 CV 01342, 2019 WL 3202809, at *6 (N.D. Ill. July 15, 2019).

In dismissing Williams's original complaint, this Court noted that Williams had alleged that Defendants recovered approximately 146.5 grams of marijuana along with Williams's wallet containing his identification during their first search of the vehicle parked in the carport on Williams's property. Another search of the vehicle uncovered firearms. Subsequently, Defendants learned that Williams had previously been convicted of a felony. Based on those allegations, the Court found that Defendants' search of the vehicle revealed evidence supporting their probable cause to arrest and detain Williams on unlawful possession of marijuana and felon-in-possession charges. Further, the Court found that questions regarding the constitutionality of their search were immaterial to Defendants' probable cause to arrest because "there is no 'fruit of the poisonous tree' doctrine in claims brought pursuant to § 1983." *Id.* at *7. And since Williams's own complaint supported Defendants' finding of probable cause, his Fourth Amendment claim for wrongful pretrial detention failed.

To remedy the deficiencies that led to the dismissal of the original complaint, Williams's amended complaint does not substantively change the allegations of the events leading to his arrest and detention. Instead, the amended complaint simply deletes the factual allegations about Defendants' search of the vehicle parked in the carport and the resulting discovery of firearms and marijuana. The amended complaint now vaguely alleges that "[t]o establish probable cause the officers created a false report, writing that they had observed Williams in a carport next to a vehicle that contained contraband" and that conduct led to Williams's arrest and prosecution. (Am. Compl. ¶¶ 25–26.)

Like they did when moving to dismiss the original complaint, Defendants ask that this Court review the officers' body-worn camera footage and determine that the video evidence discredits the amended complaint's factual allegations. This Court declined to consider the video evidence in connection with the first motion to dismiss because the allegations in the original

3

complaint sufficed to defeat Williams's § 1983 claim. With the self-defeating allegations now absent from the amended complaint, Defendants essentially asks that this Court use the body-worn camera footage depicting their search to reinsert into the pleadings facts about their discovery of marijuana and firearms.

Again, the Court finds it unnecessary to consider the video evidence at the motion to dismiss stage. As an initial matter, the Court is skeptical of Williams's tactic of simply removing from his amended pleading the factual allegations that led to the dismissal of his original complaint. True, "[a]n amended pleading ordinarily supersedes the prior pleading. The prior pleading is in effect withdrawn as to all matters not restated in the amended pleading and becomes functus officio." *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 736 (7th Cir. 2002). Consequently, "allegations and statements in earlier pleadings are not considered judicial admissions." *Id.* However, the Seventh Circuit has recognized that "[a]n amended pleading does not operate as a judicial *tabula rasa*." *Orgone Cap. III, LLC v. Daubenspeck*, 912 F.3d 1039, 1048 (7th Cir. 2019). Thus, "[a] district court is not required to ignore its prior decision, or its findings supporting dismissal and grant of leave to amend, where [its] findings are based upon undisputed public information plaintiffs themselves brought before the district court." *Id.*

Similar logic would seem to support dismissal here—the allegations in the amended complaint are substantively the same as those in the dismissed original complaint, with the primary difference being the removal of those details that this Court previously cited as warranting dismissal. Yet none of the amended complaint's allegations are inconsistent with Williams's prior allegations about Defendants' discovery of marijuana and firearms in a vehicle parked at his residence. While Williams is not bound by his earlier allegations, the Court is dubious of Williams's tactic of simply deleting those allegations and asking the Court to pretend they never existed.

In any case, the Court finds that the amended complaint considered on its own still fails to adequately plead a wrongful pretrial detention claim. The amended complaint alleges both an illegal search and an illegal seizure. Specifically, Williams alleges that Defendants "falsely claimed they had seen Plaintiff Williams in a 'carport' as they approached, and that he had stashed a weapon in a GMC truck," and therefore Defendants "illegally entered Plaintiff Williams' yard without a warrant." (Am. Compl. ¶¶ 2–3.) Similarly, Williams alleges that "[t]here was no probable cause to enter the yard or detain" Williams, so "[t]o establish probable cause the officers created a false report, writing that they had observed Williams in a carport next to a vehicle that contained contraband." (*Id.* ¶¶ 24–25.) Based on those allegations, it would appear that the police report's alleged fabrications were addressed to Defendants' basis for conducting a warrantless search at Williams's residence. *See, e.g.*, *United States v. Rivera*, 248 F.3d 677, 680 (7th Cir. 2001) (explaining that warrantless searches of a residence may be "constitutionally permissible . . . where there is probable cause and exigent circumstances create a compelling need for official action and insufficient time to secure a warrant"). But that the search may have been unconstitutional is not considered in the § 1983 analysis regarding Defendants' probable cause to arrest and detain Williams. And the amended complaint acknowledges that the ensuing

prosecution underlying his pretrial detention related to Williams's "possession of a weapon." (Am. Compl. ¶ 1.)

Had Defendants' search not uncovered a weapon, then there would not be probable cause to arrest and charge Williams for possessing a weapon. Yet any such allegation is conspicuously absent from the amended complaint. Further, the arrest report itself, which is incorporated into the amended complaint by reference, states that Defendants found weapons in the course of their search of the truck in the carport. (Defs.' Mot. to Dismiss the Am. Compl., Ex. F, Arrest Report, Dkt. No. 29-6.) Nowhere in the amended complaint does the Williams allege that Defendants made up or planted the contraband referenced in the arrest report. Thus, the Court once again concludes that Defendants' discovery of weapons in the vehicle parked on Williams's property supplied probable cause to charge and detain Williams.

In short, even standing alone, the amended complaint fails to state a Fourth Amendment claim for wrongful pretrial detention. For that reason, the amended complaint is dismissed. Moreover, having had the opportunity to remedy the deficiencies in his original complaint, Williams came forward with an amended complaint that removed factual allegations rather than making new factual allegations and that asserted no new legal theories. Such an approach indicates that Williams will not be able plead a viable claim if given an additional opportunity to amend the complaint. Accordingly, the amended complaint is dismissed with prejudice.

### III.

For the foregoing reasons, Defendants' motion to dismiss (Dkt. No. 29) is granted and the amended complaint is dismissed with prejudice.

Dated: August 7, 2024

                                                                 Andrea R. Wood
                                                                 United States District Judge